IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
CIVIL DIVISION

JACKSON HASKINS,

     Plaintiff,

vs.                                 CASE NO.:

ALLY FINANCIAL INC.,         DEMAND FOR JURY TRIAL

     Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JACKSON HASKINS, (hereafter "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, ALLY FINANCIAL, INC. (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### GENERAL ALLEGATIONS

1.     Plaintiff, JACKSON HASKINS, is an individual residing in Sarasota County, Florida.

2.     This is an action for damages greater than $15,000.00.

3.     Defendant, ALLY FINANCIAL, INC., is a foreign Profit Corporation as registered with Florida Department of State, Division of Corporations.

4.    Defendant is a "Creditor", as defined by the FCCPA, Fla. Stat. § 559.55(3), and does business throughout the state of Florida, including Sarasota County, Florida.

5.    The debt is a consumer debt as defined by the FCCPA, Florida Statute §559.55(1).

6.    Defendant is a "person" subject to regulations under the Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

7.    It is alleged by Defendant that Plaintiff, JACKSON HASKINS, owed a debt to Defendant relating to a vehicle debt, Account Number: ending in 4308.

8.    Plaintiff revoked any prior express consent to contact Plaintiff via cell phone on September 30, 2016 at 10:04 A.M. through certified mail transmission, Tracking #70150640000356602630, to Defendant's address. *See* Composite Exhibit "1."

9.    Plaintiff's, JACKSON HASKINS, cellular telephone number is (941) 330-6645.

10.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's, JACKSON HASKINS, cellular telephone after Plaintiff, JACKSON HASKINS, revoked any prior express consent. *See* JACKSON HASKINS's Attached Call Logs, Exhibit "2."

11.    Defendant knowingly or willfully called Plaintiff's cellular telephones after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

12.    Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

13.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

14.    None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

15.    All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### COUNT I: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

16.    Plaintiff, JACKSON HASKINS, incorporates all allegations in paragraphs 1-15 as if stated fully herein.

17.    Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

18.    Defendant violated Florida Statute § 559.72(7) when it willfully communicated with the Plaintiff, JACKSON HASKINS, with such frequency as can reasonably be expected to abuse or harass Plaintiff, JACKSON HASKINS.

19.    Specifically, Defendant continued to make numerous intentional telephone calls to Plaintiff's, JACKSON HASKINS, cellular telephone after being notified to no longer call Plaintiff, JACKSON HASKINS, through any means.

**WHEREFORE**, Plaintiff, JACKSON HASKINS, demands judgment against Defendant, ALLY FINANCIAL, INC., for the following relief:

a.    any actual damages sustained by Plaintiff, JACKSON HASKINS, as a result of the above allegations;

b.    additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff, JACKSON HASKINS, whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff, JACKSON HASKINS; and

    e.    any other relief the court deems just and proper.

**COUNT II: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**

20.    Plaintiff, JACKSON HASKINS, incorporates all allegations in paragraphs 1-15 as if stated fully herein.

21.    Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

22.    Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff, JACKSON HASKINS, after it knew Plaintiff, JACKSON HASKINS, was represented by counsel and could reasonably ascertain the name and address of counsel.

23.    Specifically, Defendant continued to place phone calls to Plaintiff's, JACKSON HASKINS, cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JACKSON HASKINS, demands judgment against Defendant, ALLY FINANCIAL, INC., for the following relief:

    a.    any actual damages sustained by Plaintiff, JACKSON HASKINS, as a result of the above allegations;

    b.    additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff, JACKSON HASKINS, whole;

Page 4 of 6

d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff, JACKSON HASKINS; and

e.    any other relief the court deems just and proper.

### COUNT III:  VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

24.    Plaintiff, JACKSON HASKINS, incorporates all allegations in paragraphs 1-15 as if stated fully herein.

25.    Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

26.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's, JACKSON HASKINS, cellular telephone.

27.    Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's, JACKSON HASKINS, cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

28.    The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is a sophisticated credit lender that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JACKSON HASKINS, demands judgment against Defendant, ALLY FINANCIAL, INC., for the following relief:

a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring the cease and desist letter, Composite Exhibit "1";

b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.    any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: **April 25, 2017**

                        Respectfully Submitted,

                              **Hoag Law Firm, P.A.**


                              /s/ *Brian M. Hoag*
                              **Brian M. Hoag**, Fla. Bar No.: 012339
                              Email: brian@hoaglawfirm.com
                              jill@hoaglawfirm.com
                              375 83rd Avenue North
                              St. Petersburg, Florida 33702
                              Phone: (727) 231-5420
                              Fax:    (727) 478-4569
                              **Attorney for Plaintiff**