UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKSON HASKINS,

          Plaintiff,

v.                        Case No. 8:17-cv-1349-T-33TBM

ALLY FINANCIAL INC.,

          Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant
Ally Financial Inc.'s Motion to Compel Arbitration, filed on
June 30, 2017. (Doc. # 9). Plaintiff Jackson Haskins filed a
response on July 20, 2017. (Doc. # 19). For the reasons that
follow, the Motion to Compel is granted.

## I.  Background

On June 13, 2016, Haskins contracted to purchase a new
Jeep Grand Cherokee, and the seller assigned its interest to
Ally shortly thereafter. (Doc. # 9-1 at 3). The signed
arbitration clause covers "any dispute" between "[Haskins]
and . . . [Ally]," which "relates to . . . this contract."
(Doc. # 9-1 at 4). Neither party disputes the formation or
scope of the contract and arbitration agreement. (Doc. # 19).

Beginning on September 30, 2016, Ally contacted Haskins
on multiple occasions in an attempt to collect payments and

cure Haskins's default. (Doc. # 1-1 at 26–101). Haskins, however, had sent a revocation of consent through certified mail requesting that all phone calls be made to his attorney. (Doc. # 1-1 at 24). The phone calls continued without Haskins's consent until February 28, 2017. (Doc. # 1-1 at 101).

Haskins eventually filed a complaint in state court on April 25, 2017. (Doc. # 2, 20 at 1). Haskins's complaint alleges violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.77(1), 559.72(18). (Doc. # 2). In response, Ally asked Haskins to voluntarily dismiss the action and proceed to arbitration on four separate occasions. (Doc. # 10). Haskins refused to consent to arbitration, and instead proceeded with litigation and incurred additional legal fees. (Doc. ## 9, 19).

Then, on June 7, 2017, Ally removed the action to this Court based on federal question and raised arbitration as an affirmative defense in its answer. (Doc. # 1; Doc. # 3 at 7). Ally now moves to compel arbitration and dismiss the case. (Doc. # 9). Haskins claims Ally waived its right to

arbitration and instead requests court-ordered mediation. (Doc. # 19 at 2, 4).

## II. **Legal Standard**

In enacting the Federal Arbitration Act (FAA), Congress set arbitration agreements on equal footing with all other contracts. 9 U.S.C. § 2. As a result, the court "shall . . . stay the trial of the action" upon "being satisfied that the issue involved . . . is referable to arbitration." 9 U.S.C. § 3. The FAA also empowers a court to compel arbitration when a party fails or refuses to arbitrate. 9 U.S.C. § 4. Given the strong federal policy favoring arbitration, any doubt concerning the scope of arbitrable issues — or questions of waiver — are resolved in favor of arbitration. Moses H. Cone Mem. Hosp. v. Mercury Constr., 460 U.S. 1, 24–25 (1983).

In general, the right to arbitration may be waived. Grigsby & Assocs., Inc. v. M Sec. Inv., 664 F.3d 1350, 1353 (11th Cir. 2002)(holding that "it is presumptively for the courts to adjudicate disputes about whether a party . . . has waived the right to arbitrate"); see also Morewitz v. W. of Eng., 62 F.3d 1356, 1356–66 n.16 (11th Cir. 1995)(clarifying that the term "default" in 9 U.S.C. § 3 means "waiver"). Indeed, "[a]rbitration should not be compelled when the party who seeks to compel arbitration has waived that right."

Morewitz, 62 F.3d at 1365. But "the party who argues waiver 'bears a heavy burden of proof.'" Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1200 n.17 (11th Cir. 2011) (quoting Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982)). In determining whether a party has waived its right to arbitration, courts look to federal law, not state law. S & H Contractors v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990).

A party claiming waiver must show that: "(1) the party seeking arbitration substantially participate[d] in litigation to a point inconsistent with an intent to arbitrate; and (2) [that] this participation result[ed] in prejudice to the opposing party." Burch v. P.J. Cheese, Inc., --- F.3d ---, No. 13-15042, 2017 WL 2885095, at *9 (11th Cir. July 7, 2017) (citing In re Checking Account Overdraft Litig., 754 F.3d 1290, 1294 (11th Cir. 2014)). Courts look to the totality of the circumstances to determine questions of inconsistency. S & H Contractors, 906 F.2d at 1514. In determining whether acts are inconsistent, court proceedings are not to be treated as "a sort of judicial tightrope which the party seeking arbitration walks at his peril." Burch, 2017 WL 2885095, at *10 (citing Gen. Guar. Ins. Co. v. New Orleans Gen. Agency Inc., 427 F.2d 924, 929 n.5 (5th Cir.

4

1970)(noting "once the defendant, by answer, has given notice of insisting on arbitration the burden is heavy on the party seeking to prove waiver")). Compliance with a court order does not amount to an inconsistency between actions in litigation and an expressed intent to arbitrate. Id.

Prejudice "exists when the party opposing arbitration undergo[es] the types of litigation expenses that arbitration was designed to alleviate." In re Checking Account, 754 F.3d at 1294 (internal quotation marks and citation omitted). Courts also consider "the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation" to determine if a party has been prejudiced. S & H Contractors, 906 F.2d at 1514.

**III. <u>Analysis</u>**

The sole dispute between the parties is whether Ally waived its right to arbitration. (Doc. # 19 at 4). Haskins must show that Ally's conduct is inconsistent with an intent to arbitrate and that it resulted in prejudice to him. Burch, 2017 WL 2885095, at *9. Haskins primarily relies upon a decision in which the district court found waiver after the defendant failed to request arbitration for two months. (Doc. # 19 at 3); see Citibank, N.A. v. Stok & Assocs., P.A., 387 F. App'x 921, 923-24 (11th Cir. 2010) (reversing district

5

court's finding of waiver where defendant's answer failed to address arbitration). Haskins fails to mention that the Eleventh Circuit merely assumed, without deciding, that the defendant's conduct was inconsistent, and instead overturned the district court's finding of waiver on the basis of prejudice. (Doc. # 19 at 3); see Citibank, N.A., 387 F. App'x at 924 (11th Cir. 2010) ("When little meaningful litigation has taken place, this Court has declined to find waiver from even longer delays."). Haskins also cites cases in which the court already compelled arbitration or otherwise failed to require both inconsistent acts and prejudice to the opposing party to establish waiver. (Doc. # 19 at 3). Therefore, Haskins relies upon distinguishable cases that weaken his own argument.

Evidence of an intent to arbitrate is found where a party moves to compel arbitration prior to participating in discovery, requests arbitration in pre-trial communication, and raises arbitration as an affirmative defense. Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1319 (11th Cir. 2002). In Ivax, the defendant made pre-trial requests for arbitration, moved to compel arbitration within one month of receiving the complaint, and raised arbitration as an affirmative defense in its answer. Id. The Eleventh Circuit

found these acts did not evince an intent to waive arbitration and reversed the district court's finding of waiver. Id. at 1320.

Here, Ally's conduct is consistent with an intent to pursue arbitration. Like the defendant in Ivax, Ally also requested pre-trial resolution on multiple occasions, moved to compel arbitration prior to participating in discovery, and raised arbitration as an affirmative defense. (Doc. # 3 at 7; Doc. # 9; Doc. # 10-2; Doc. # 10-5). As such, Ally has not waived its right to arbitration.

Further, Haskins has not suffered any prejudice. No substantive motions have been filed and Haskins has provided no discovery and incurred only negligible expenses. Cf. S & H Contractors, 906 F.2d at 1514 (finding waiver where defendant sought discovery, delayed seeking arbitration for eight months, and filed two substantive motions). Haskins has not incurred any expenses from appeals or protracted litigation. Cf. In re Checking Account, 754 F.3d at 1296 (finding prejudice where defendant litigated multiple appeals and incurred "precisely the kind [of expenses] that the . . . provision intended to eliminate"). Finally, Ally did not prejudice Haskins by complying with administrative scheduling orders where non-compliance risks default judgment or

contempt of court. <u>Burch</u>, 2017 WL 2885095 at *10. As Ally has not acted inconsistently with an intent to arbitrate and Haskins has not been prejudiced, arbitration is appropriate.

**IV. <u>Stay or Dismiss</u>**

"By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues to which an arbitration agreement has been signed." <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 219 (1985)(emphasis in original). Circuit precedent is also clear that actions should generally be stayed, not dismissed, pending resolution through arbitration. <u>See</u> <u>Bender v. A.G. Edwards & Sons, Inc.</u>, 971 F.2d 698, 699 (11th Cir. 1992)(reversing dismissal and holding that actions should be stayed pending arbitration). Therefore, the action is stayed pending arbitration proceeding.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Ally Financial Inc.'s Motion to Compel Arbitration and to Dismiss (Doc. # 9) is **GRANTED IN PART**.

(2)   The case is referred to arbitration.

(3)   The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** the case pending arbitration.

(4)    The parties are directed to file a joint status report

by **October 2, 2017,** every 60 days thereafter.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

<u>4th</u> day of August, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE